# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KEITH HENDERSON,** | : | |
| **Petitioner,** | : | |
| | : | NO. 7:18-CV-00018-HL-TQL |
| VS. | : | |
| **UNKNOWN,** | : | |
| **Respondent.** | : | |

## ORDER

Petitioner Keith Henderson, an inmate currently confined at the Early County Jail Facility in Blakely, Georgia, filed a *pro se* pleading in this Court on February 2, 2018 that was docketed as a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Because the relief requested in Petitioner's pleading was unclear, the United States Magistrate Judge ordered Petitioner to recast his pleading on either a standard § 1983 form or a form habeas application. Petitioner was also directed to either submit the appropriate filing fee or file a proper motion for leave to proceed *in forma pauperis*. Petitioner was given twenty-one (21) days to comply with the Court's Order and warned that failure to comply with the Magistrate Judge's order would result in dismissal of his pleading. Order, Mar. 13, 2018, ECF No. 4.

Petitioner filed three documents after the Magistrate Judge entered the March 13th Order, including a motion to proceed *in forma pauperis*, as directed. However, Petitioner failed to recast his initial pleading on the Court's standard form, as ordered, or otherwise

clarify the relief he seeks in this action. Accordingly, the Magistrate Judge ordered Petitioner to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders. Petitioner's response was due within twenty-one (21) days of the date of the Order and Petitioner was again advised that failure to respond would result in dismissal of his pleading. Order, Apr. 30, 2018, ECF No. 8.

Petitioner again filed three sets of documents that the Court presumes are in response to the Magistrate Judge's April 10th Order: a motion for appointed counsel (ECF No. 9), a document that is entitled "Notice of Administrative Appeal" (ECF No. 10), and a "motion to show cause" (ECF No. 11). None of the documents filed by Petitioner contains a recast pleading as ordered by the Magistrate Judge or offers any explanation as to why Petitioner could not comply with the Magistrate Judge's instructions. Petitioner's "Notice of Administrative Appeal" consists largely of hand-copied court rules from Florida, and the relevance of those rules to this case is not at all apparent. *See, e.g.,* Notice of Administrative Appeal 3-6, ECF No. 10. Petitioner's "motion to show cause" alludes to possible claims pursuant to 42 U.S.C. § 1983, but the Court cannot determine from this document whom Petitioner might wish to sue and on which potential causes of action. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). Petitioner's motion for appointed counsel likewise contains no information that would help the Court determine how Petitioner intends to proceed with his claims, nor does it provide any reasons why counsel should be appointed in this case.

Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's petition shall therefore be **DISMISSED without prejudice** and all pending motions (ECF Nos. 7, 9, 11) shall be **DENIED as moot.** Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a

notice of appeal).

**SO ORDERED**, this 3rd day of July, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE